STATE OF INDIANA EX REL. THOMAS J. BLEE *v.* MOHNEY
ENTERPRISES, HARRY V. MOHNEY AND
AMERICAN NEWS COMPANY, INC.

[No. 272A92. Filed November 29, 1972. Rehearing denied January 9, 1973. Transfer denied May 14, 1973.]

*J. Philip Burt,* of Fort Wayne, *James J. Clancy,* of Sun Valley, California, for appellant.

*Gilbert H. Deitch,* of Atlanta, Georgia, *Abe Latker,* of Fort Wayne, *Robert Eugene Smith,* of Towson, Maryland, for appellees.

LYBROOK, J.—Plaintiff-appellant (Blee) sought to enjoin defendant-appellees' (Mohney's) operation of an adult bookstore in Allen County, as a nuisance. The trial court found for Mohney and Blee appeals, alleging the judgment was contrary to law.

Blee sought an injunction on the theory that IC 1971, 35-30-2-1; Ind. Ann. Stat. § 9-2701 (Burns 1956), applies to

the operation of a retail bookstore selling allegedly obscene printed materials. This statute reads:

> "Whoever shall own, occupy, lease or operate any building, structure, apartment or place used or kept for the purpose of lewdness, assignation or prostitution, or permit the same to be so used or kept, in the state of Indiana, shall be guilty of maintaining a nuisance; and the building, structure, apartment or place and the ground itself where such lewdness, assignation or prostitution is conducted, permitted or exists, and the furniture, musical instruments and movable property used in conducting such nuisance shall also be deemed a nuisance and shall be enjoined and abated as hereinafter provided."

Blee also alleged that such operation constitutes a public nuisance enjoinable by a private citizen under IC 1971, 34-1-52-1; Ind. Ann. Stat. § 2-505 (Burns 1967), which reads:

> "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

Blee put in evidence several exhibits consisting of materials he and others had purchased at the bookstore. These included magazines, periodicals in a newspaper format, and a movie, all of which portrayed sexually explicit materials. They were primarily composed of pictures of nude and semi-nude males and females in suggestive poses, simulating sex acts (including oral and homosexual), and engaging in various sadistic and masochistic activities. The subjects were carefully posed to insure maximum exposure of their genital areas.

Appellee contends that these materials are not constitutionally obscene because they have "redeeming social value." The trial court made no finding as to whether the exhibits were obscene or not. For reasons given below, this court likewise need not pass on that question. However, in passing, we would note that from a cursory review of the

evidence, we would be hard pressed to point out any significant amount of "redeeming social value" in the copious quantity of raw sex presented here.

What Blee has sought to enjoin here, is the dissemination by an adult bookstore, of *any* printed materials whatsoever, in Allen County. He does not seek to prohibit only the dissemination of specific, identifiable items. Blee characterizes the issues as (1) Was the material obscene? (2) Did Blee have standing to bring suit under either of the above statutes, and (3) Can the statute providing for the enjoining of houses of "lewdness, assignation or prostitution" be applied to an adult bookstore? Any discussion of these issues must be preceded by a determination whether such injunctive relief would be violative of the First Amendment to the Constitution of the United States.

Freedom of speech has always been zealously guarded in this country. As the court held in *Roth* v. *United States* (1957), 354 U.S. 476:

> "The fundamental freedoms of speech and press have contributed greatly to the development and well-being of our free society and are indispensable to its continued growth. Ceaseless vigilance is the watchword to prevent their erosion by Congress or by the States. The door barring federal and state intrusion into this area cannot be left ajar; it must be kept tightly closed and opened only the slightest crack necessary to prevent encroachment upon more important interests."

In the landmark case of *Near* v. *Minnesota* (1931), 283 U.S. 697, the Supreme Court held a statute, providing for injunctions against the dissemination of an "obscene, lewd and lascivious newspaper, magazine, or other periodical or a malicious, scandalous and defamatory newspaper, magazine or other periodical," unconstitutional as being a forbidden, prior restraint of First Amendment freedom of speech. The court held:

> ". . . it is the chief purpose of the guaranty [of the First Amendment] to prevent previous restraints upon publication."

The court further stated that "the primary requirements of decency may be enforced against obscene publications." In *Roth, supra,* the court also observed that "obscenity is not within the area of constitutionally protected speech or press."

This exception does not include the case at bar, however. Blee has not sought to enjoin the dissemination of obscene material only. He seeks not only to enjoin the maintenance of the adult bookstore as an alleged nuisance but to totally enjoin the dissemination by Mohney of *any* publication anywhere in Allen County.

The citizens of Allen County are not without remedy. If the material disseminated by Mohney is indeed obscene, IC 1971, 35-30-10-1; Ind. Ann. Stat. § 10-2803 (Burns Supp. 1972) prohibits the sale thereof and upon conviction provides for a fine and imprisonment.

The United States Supreme Court, in dealing with obscenity, recently gave us a rare view into the thoughts of the individual members of the court:

> "Two members of the Court have consistently adhered to the view that a State is utterly without power to suppress, control, or punish the distribution of any writings or pictures upon the ground of their 'obscenity.' A third has held to the opinion that a State's power in this area is narrowly limited to a distinct and clearly identifiable class of material. Others have subscribed to a not dissimilar standard, holding that a State may not constitutionally inhibit the distribution of literary material as obscene unless '(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value,' emphasizing that the 'three elements must coalesce,' and that no such material

can 'be proscribed unless it is found to be *utterly* without redeeming social value.' *Memoirs* v. *Massachusetts,* 383 U.S. 413, 418-419. Another Justice has not viewed the 'social value' element as an independent factor in the judgment of obscenity." *Redrup* v. *New York* (1967), 386 U.S. 767.

None of the above standards is broad enough to prohibit dissemination of materials which have not yet been printed.

This decision must rest upon the firmly established principle reiterated in *Organization for a Better Austin* v. *Keefe* (1971), 402 U.S. 415, that an "injunction, so far as it imposes prior restraint on speech and publication, constitutes an impermissible restraint on First Amendment rights. . . . [And it is impermissible where it] operates, not to redress alleged private wrongs, but to suppress, on the basis of previous publications, ditribution of literature of 'any kind' . . ."

The requested injunction would be an impermissible prior restraint and the trial court's denial thereof was proper. We therefore do not reach appellant's other contentions.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 289 N.E.2d 519.